IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| REBECA A. SHINSKY, | : | |
| Plaintiff | : | Civil Action No. |
| | : | |
| v. | : | JURY TRIAL DEMANDED |
| | : | |
| DS/DS & CREW, INC., D/B/A THE INN | : | |
| AT BULLY'S RESTAURANT & PUB, AND | : | |
| DAVID ZAHM. | : | |
| Defendants. | : | |

## COMPLAINT

(Retaliatory Discharge & Unpaid Wages in Violation of the Fair Labor Standards Act &
Violations of the Pennsylvania Wage Payment Collection Act)

### INTRODUCTION

1. Plaintiff, Rebeca A. Shinsky, by and through her attorneys, TRIQUETRA LAW, brings this

   action for retaliatory discharge under the anti-retaliation provision of the Fair Labor

   Standards Act, 29 U.S.C. § 215(a)(3) with a pendant state law claim under the Pennsylvania

   Wage Payment Collection Act.

### JURISDICTION

2. The jurisdiction of this Court over Counts I through IV are based upon federal question

   jurisdiction pursuant to 28 U.S.C. § 1331 in that this District Court has original jurisdiction

   of all civil actions arising under the laws of the United States.  The federal law to be enforced

   in Count I is the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (FLSA).

3. The jurisdiction of this Court over Count VI through VI are  based upon supplemental

   jurisdiction pursuant to 28 U.S.C. §1367(a).

4. The laws of the Commonwealth of Pennsylvania apply to Counts V & VI.

*VENUE*

5.   Venue is appropriate in this district pursuant to §28 U.S.C. § 1391(b) in that Defendants
     reside in this judicial district and a substantial part of the events or omissions giving rise to
     the claim occurred in this judicial district.

*PARTIES*

6.   Plaintiff Rebeca A. Shinsky ("Plaintiff Shinsky") is an adult individual who resides in
     Marietta, Pennsylvania.

7.   Defendant DS/DS & Crew, Inc., d/b/a Bully's Restaurant & Pub ("Bully's") is, upon
     information and belief, a corporation duly organized and existing under the laws of the
     Commonwealth of Pennsylvania, with a principal place of business at 647 Union Street,
     Columbia, PA 17512.

8.   Defendant Bully's is an "employer" within the meaning of the Fair Labor Standards Act.

9.   Defendant Bully's is an inn and restaurant and bar located in Lancaster County Pennsylvania.

10.  Defendant Bully's is engaged in commerce and Plaintiff Shinsky' s work with Defendant
     Bully's involved being engaged in commerce.

11.  Upon information and belief, Defendant Bully's has approximately 10 employees.

12.  Defendant David Zahm (Zahm) is an adult individual and owner/shareholder, corporate
     officer and proprietor of Defendant Bully's.

13.  Defendant Zahm operated the location where Plaintiff Shinsky worked.

14.  Defendant Zahm is a "person" prohibited from discharging or discriminating against any
     employee under the Fair Labor Standards Act.

15. At all times relevant herein, Defendant Bully's acted through its agents, servants and employees, who were acting within the scope of their authority, course of their employment and under the direct control of Defendant Bully's.

<b><i>FACTUAL ALLEGATIONS</i></b>

**Plaintiff is qualified for her position and was never disciplined prior to termination.**

16. Plaintiff Shinsky began employment with Defendants in 2011.

17. Plaintiff Shinsky worked for Defendants as a bar manager and bartender in Columbia, Pennsylvania.

18. Plaintiff Shinsky has a great deal of experience in the service industry.

19. Plaintiff Shinsky was highly qualified to work for Defendants.

20. Plaintiff Shinsky' s primary duty was to act as the "front of the house," or the face of bar management.

21. During her employment with Defendants, Plaintiff Shinsky did not receive any employment discipline with respect to her work conduct or performance.

22. Plaintiff Shinsky excelled in bar management and had a wonderful relationship with her co-workers and customers.

**Plaintiff earned wages and tips while serving as a bartender and front of the house server.**

23. From 2011 through January 2018, Plaintiff Shinsky received a regular paycheck for her employment with Defendants, where she was paid wages and taxes were deducted.

24. From 2011 through her termination, Plaintiff Shinsky, in addition to her regular paycheck, Plaintiff Shinsky was entitled to a portion of the house tips in addition to her regular wage.

25. In addition to her wages, Defendant Zahm would pay Plaintiff Shinsky five percent of the total drink sales of the servers related to service of drinks from the bar (drink sales).

26. "Tip outs," generally refers to an amount or percentage of a server's tips that the server shares, either voluntarily or as mandated in a tip sharing or tip pooling agreement, with other employees such as bussers, bartenders, back waiters and host/hostesses whose job duties indirectly assist the server.

27. Participation in the tipping pool was mandatory.

28. Defendant Zahm would collect the tips and distribute them according to the tipping pool guidelines.

29. Defendant Bully's had not established a tip credit policy and never notified the tipped employees employed at Bully's that the defendant was claiming a tip credit.

30. Defendant Zahm was required to tip out Plaintiff Shinsky 5% of bar service (drink sales), in that Defendant Zahm required servers to give him 5% of their drink sales and then he would distribute the tips according to the tip out percentage policy

***Plaintiff noticed insufficient tip outs and would regularly inquire about the missing tips to Defendant Zahm.***

31. On occasion, Plaintiff Shinsky noticed that the 5% tip outs were unusually low.

32. Plaintiff Shinsky asked Defendant Zahm whether the "tip out" percentage was correct.

33. Defendant Zahm would object and state, "Don't start with money! You make enough money!"

34. Plaintiff Shinsky noticed in 2014 the tip outs were extremely low for the business that Bully's had the previous weekend.

35. Plaintiff Shinsky confronted Defendant Zahm about the low tip outs and he responded that she should be happy because she makes more money than any other employee.

36. In 2016 Plaintiff Shinsky confronted Defendant Zahm again about the low tip outs and again Defendant Zahm responded, "You make enough money!"

***Plaintiff makes plans to leave Bully's and Defendant Zahm negotiates to keep her employed at Bully's.***

37. In 2017 Plaintiff Shinsky told Defendant Zahm that she was leaving Bully's for a better job and Defendant Zahm responded by offering her a more desirable schedule at Bully's.

38. Plaintiff Shinsky declined the other job offer she had and stayed working for Defendants because Defendants offered Plaintiff a more desirable schedule where she could accommodate her personal life and earn more tips and regular wages.

***Plaintiff complains about paychecks that are issued for $0.***

39. In January 2018 Defendant Zahm started issuing Plaintiff Shinsky paychecks that were for no amount or a $0 check, and said to Plaintiff Shinsky between the tips and "cash out" that she is making too much, and "it all goes to taxes."

40. In response to the $0 check, Plaintiff Shinsky asked Defendant Zahm, why her checks are exactly $0 and Defendant Zahm replied, "I don't know Rebeca.  Hire an accountant."

***Plaintiff suspects Defendant is stealing tips from her.***

41. In October 2018, Defendant Zahm sent Plaintiff Shinsky a note asking where all the coins were from her drawer, however, the coin change was her tip money.

42. Plaintiff Shinsky suspected Defendant Zahm was stealing her coin tips.

***Plaintiff Shinsky begins to keep precise records and save them in her drawer at work.***

43. Plaintiff Shinsky believed her tips were consistently low but she did not keep precise records until November 2018.

44. There is no rule about keeping service drink slips and they are routinely discarded.

45. The practice had been to put her tip outs from the last night of work in an envelope and she retrieved her tip envelope from the back workstation.

46. On November 1, 2018, Defendant Zahm did not give Plaintiff Shinsky her tips in an envelope but told her the tip out payment was placed her Tip Jar.

47. On November 1, 2018, Plaintiff Shinsky complained that she did not receive her tip outs in accordance with the customary and usual practice for the preceding six years.

48. On that same day, November 1, 2018, Plaintiff Shinsky noticed that her records were missing from her drawer, this included her notes and personal items as well as records of her tip outs.

49. On or about the beginning of November 2018, Plaintiff Shinsky told Defendant Zahm that she was researching tip out laws.

50. Defendant Zahm responded by yelling in a hostile manner at Plaintiff, "Don't start with money again Rebeca! You do just fine here.  You get all your tips!"

51. On December 7 & 8, 2018, Plaintiff Shinsky saw that the alcohol sales were high enough for her to receive $45 in tip outs, but she was shorted $10 and only received $35.

52. Plaintiff Shinsky kept track of the sales and the percentage of owed tip outs on a piece of paper in a drawer at her workstation.

53. Defendant Zahm started to treat Plaintiff Shinsky in a very cool manner and she suspected he knew she was counting drink sales in preparation for a formal complaint.

54. Plaintiff Shinsky continued to keep track of drinks sales and her missing tip outs on December 14 & 15, and again on December 21, 2018.

55. In December 2018, Plaintiff Shinsky kept her drink slips from 12/7, 12/8, 12/14, 12/15, 12/21, and 12/22 in her drawer at work.

***Defendant Zahm terminates Plaintiff Shinsky in retaliation for taking steps to file a formal Fair Labor Standards complaint.***

56.   On December 22, 2018 Defendant Zahm called Plaintiff Shinsky into his office.

57.   When Plaintiff Shinsky entered Defendant Zahm's office and he was shaking his head from side to side and appeared very angry.

58.   There had been a stack of drink slips that had been kept in Plaintiff Shinsky' s drawer at her workstation upstairs, but now the drink slips were laying on Defendant Zahm's desk.

59.   Defendant Zahm started the conversation by gesturing with his hands, pointing first at Shinsky and then at himself, said, "This....you and I, it's not working out. This between us is NOT working out!"

60.   Plaintiff Shinsky asked Defendant Zahm, what he means, and he says, "It's just not working!" Defendant Zahm proceeds to tell Shinsky that she is, "sneaky and always think someone is stealing from you."

61.   Defendant Zahm then points to the slips on the table and says, "And this, I caught you doing this last week and now I catch you doing this again." He continued, "I don't pay you to keep track of drink sales. If you wanted to know how much you should be making you should have just come to me."

62.   Plaintiff Shinsky responded that she has gone to him many times with no resolution and there continues to be a major discrepancy in her pay and her tips.

63.   Defendant Zahm clearly understood that Plaintiff Shinsky's earlier complaint that she was researching tip laws was real because she was now keeping specific track of her sales and tips in order to file a complaint against him and the restaurant.

64.   Defendant Zahm fired Plaintiff Shinsky at 3:00 p.m. that day.

65.    It was clear he made the decision to fire her as early as noon that day since Defendant Zahm removed Shinsky from Bully's Facebook account as administrator earlier that day.

66.    On information and belief, Defendants terminated Plaintiff because of Defendants' belief that Plaintiff Shinsky engaged in protected activity under the FLSA and was keeping track of her sales and tips in order to file wage complaint.

67.    Defendants' actions of terminating Plaintiff Shinsky because they believed she was about to report a FLSA violation was not in good faith.

*CAUSES OF ACTION*

*COUNT I*
*Plaintiff Shinsky v. Defendant DS/DS & Crew, Inc.*
*Violation of the Fair Labor Standards Act (FLSA)*
*29 U.S.C. § 215(a)(3) - Retaliation*

68. The allegations of Paragraphs 1 through the present are incorporated herein by reference as if set forth in their entirety.

69. The anti-retaliation provision of the Fair Labor Standards Act prohibits the discharge of or discrimination in any manner against an employee "because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to [the Fair Labor Standards Act], or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee." *29 U.S.C. §215(a)(3).*

70. Defendant DS/DS & Crew, Inc. believed that Plaintiff Shinsky engaged in protected activity.

71. Plaintiff also engaged in protected activity under the FLSA by complaining about the Defendant's actions regarding her pay.

72. Defendant DS/DS & Crew, Inc., knew Plaintiff was gathering evidence to file a complaint about unlawful wage practices.

73. Defendant DS/DS & Crew, Inc.,  terminated Plaintiff because they believed she was filing a wage claim.

74. The sole reason Defendant DS/DS & Crew, Inc., terminated Plaintiff from employment was because of Defendant's belief that Plaintiff engaged in protected activity relating to the FLSA.

### COUNT II
### Plaintiff Shinsky v. Defendant Zahm
### Violation of the Fair Labor Standards Act (FLSA)
### 29 U.S.C. § 215(a)(3) - Retaliation

75. The allegations of Paragraphs 1 through the present are incorporated herein by reference as if set forth in their entirety.

76. The anti-retaliation provision of the Fair Labor Standards Act prohibits the discharge of or discrimination in any manner against an employee "because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to [the Fair Labor Standards Act], or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee." *29 U.S.C. §215(a)(3).*

77. Defendant Zahm believed that Plaintiff Shinsky engaged in protected activity.

78. Plaintiff also engaged in protected activity under the FLSA by complaining about the Defendant Zahm's actions regarding her pay.

79. Defendant Zahm knew  Plaintiff was gathering evidence to file a complaint about unlawful wage practices.

80. Defendant Zahm terminated Plaintiff because they believed she was filing a wage claim.

81. The sole reason Defendant Zahm terminated Plaintiff from employment was because of Defendant's belief that Plaintiff engaged in protected activity relating to the FLSA.

### COUNT III
*Plaintiff Shinsky v. Defendant DS/DS & Crew, Inc.*
*Violation of the Fair Labor Standards Act (FLSA)*
*29 U.S.C. § 203, et seq. – Non-Payment of Wages*

82. The allegations of Paragraphs 1 through the present are incorporated herein by reference as if set forth in their entirety.

83. Plaintiff Shinsky is entitled to her wages, including tips earned under the Fair labor Standards Act.

84. Defendant DS/DS & Crew failed to pay her the wages and tips she earned in violation of the Fair Labor Standards Act.

### COUNT IV
*Plaintiff Shinsky v. Defendant Zahm*
*Violation of the Fair Labor Standards Act (FLSA)*
*29 U.S.C. § 203, et seq. – Non-Payment of Wages*

85. The allegations of Paragraphs 1 through the present are incorporated herein by reference as if set forth in their entirety.

86. Plaintiff Shinsky is entitled to her wages, including tips earned under the Fair labor Standards Act.

87. Defendant Zahm failed to pay her the wages and tips she earned in violation of the Fair Labor Standards Act.

### COUNT V
*Plaintiff Shinsky v. Defendant Zahm*
*Violation of Pennsylvania Wage Payment and Collection Law (PWPCL)*
*43 P.S. § 260.1 et seq., Nonpayment of Wages*

88. The allegations of Paragraphs 1 through the present are incorporated herein by reference as if set forth in their entirety.

89. Plaintiff Shinsky is entitled to her wages, including tips earned under the Fair labor Standards Act.

90. Defendant Zahm failed to pay her the wages and tips she earned in violation of the Fair Labor Standards Act.

### COUNT VI
### *Plaintiff Shinsky v. Defendant DS/DS & Crew, Inc.*
### *Violation of Pennsylvania Wage Payment and Collection Law (PWPCL)*
### *43 P.S. § 260.1 et seq., Nonpayment of Wages*

91. The allegations of Paragraphs 1 through the present are incorporated herein by reference as if set forth in their entirety.

92. Plaintiff Shinsky is entitled to her wages, including tips earned under the Fair labor Standards Act.

93. Defendant DS/DS & Crew failed to pay her the wages and tips she earned in violation of the Fair Labor Standards Act.

WHEREFORE, Plaintiff respectfully prays for judgment against all Defendants as follows:

a. For a declaratory judgment that Defendants' actions complained of herein violate the Fair Labor Standards Act.

b. For a money judgment including monetary damages exceeding $150,000 representing compensatory damages and all compensation and monetary losses;

c. For punitive damages;

d. For reinstatement or front pay;

e. For pre and post judgment interest;

f. For reasonable attorney's fees, costs and all other relief permitted by the FLSA, or other applicable law;

g.   For liquidated damages for willful violation of the Fair Labor Standards Act; and

h.   For such other relief as the Court deems just and appropriate.


Dated:  August 9, 2019                                ⬡ **TRIQUETRA LAW** ®


By:   _Sharon R. López_
      Attorney for Plaintiff, Rebeca Shinsky
      PAB #70605
      The Offices at Marion Court
      35 E. Orange St. #301
      Lancaster, PA  17602
      717-299-6300
      717-299-6338 Fax
      Lopez@triquetralaw.com